UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA M. MERRITT, et al.,,

    Plaintiff(s),

v.

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, et al.,,

    Defendant(s).
_____/

Case No. 2:06-cv-14342

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING THE PLAINTIFFS' OBJECTIONS AND ADOPTING IN PART REPORT AND RECOMMENDATION (D/E 58), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (D/E 35), GRANTING PLAINTIFFS' MOTION AND EX PARTE MOTION TO EXTEND TIME TO FILE REPLY BRIEF (D/Es 63 and 65) AND GRANTING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (D/E 37)**

This is a suit by a group of individuals employed or formerly employed by Northwest Airlines as Quality Service Assistants (QSAs) against defendants the International Association of Machinists and Aerospace Workers, AFL-CIO (IAM); Air Transport District Lodge 143 of the IAM ("District 143"); Robert B. DePace, President and Directing General Chair of District 143; and Sandra K. Weber, General Chair and Lead Negotiator for Clerical, Office, Fleet and Passenger Service Employees of District 143. Plaintiffs allege that defendants have breached their duty of fair representation in a number of respects relating to bargaining on behalf of the QSA employees (Count I) and in handling QSA employee requests for objector status (Count II).

**PROCEDURAL POSTURE**

The matter is currently before the Court on two motions filed by defendants. On February 1, 2008, defendants filed a motion for summary judgment, in which they argue that they are entitled to summary judgment because: (1) the claims raised in Count I of the

complaint are time-barred; (2) the claims raised in Count I fail as a matter of law; and (3) the claims raised in Count II fail as a matter of law and are now moot. Defendants also argue that, with respect to nineteen of the plaintiffs, they are entitled to summary judgment based on those plaintiffs' failures to respond to requests for admissions. Plaintiffs filed a response to defendants' motion on March 25, 2008.

Defendants have also filed a motion for Rule 11 sanctions, in which they argue that counsel for plaintiffs failed to conduct an adequate investigation into the law and facts prior to filing this action because: (1) it is clear that certain claims are untimely; (2) several plaintiffs were not employed as QSAs at all or during the time periods relevant to the claims in the action; and (3) several plaintiffs admitted that they never made a request for objector status or were not union members in good standing at the time they requested objector status.  The two motions were referred to United States Magistrate Judge Paul Komives by order of Judge Paul V. Gadola on February 5, 2008 for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The case was reassigned to the undersigned on September 4, 2008.

Magistrate Judge Komives filed a report and recommendation on the two pending motions on September 22, 2008.  In the report and recommendation, Magistrate Judge Komives recommended that the Court grant summary judgment because (1) plaintiffs' claims in Count I are time-barred under the applicable six-month statute of limitations, (2) the evidence submitted in support of plaintiffs' claims in both Count I and Count II fail to establish  that there exists a genuine issue of material fact that defendants breached their duty of fair representation, and (3) with respect to nineteen of the plaintiffs, defendants are entitled to summary judgment based on those plaintiffs' failures to respond to requests for admissions.  Magistrate Judge Komives further recommended that the Court order

2

sanctions under Rule 11 of the Federal Rules of Civil Procedure for plaintiffs' counsel's failure to conduct an adequate investigation into the nature of the individual plaintiffs' claims, and recommended as a sanction that plaintiffs' counsel be ordered to pay defendants' costs and fees incurred in ferreting out the plainly invalid claims of the individual plaintiffs.

On October 24, 2008, plaintiffs filed timely objections to the Report and Recommendation. Defendants filed a response to the objections on November 7, 2008. Under the local rules, plaintiffs' reply was due on November 20, 2008, but it was not filed until November 24, 2008. On November 24, 2008, plaintiffs filed an untimely ex parte motion to extend the time to file a reply brief, and on November 26, 2008, plaintiffs filed a second untimely motion to extend the time to file its reply brief to date filed, arguing that counsel had erroneously applied the incorrect local rule in calculating its time to file its reply brief. Plaintiffs' motion to extend time has been opposed by defendants, who argue that the plaintiffs have not established excusable neglect for their delay in filing their reply. Given the short period of time involved, the lack of demonstrated prejudice to the defendants, and a desire to permit the parties to fully present their arguments, the Court will exercise its discretion to find that plaintiffs' late filing was due to excusable neglect. Therefore, the Court grants plaintiffs' motion to extend time to file its reply brief.

## STANDARD OF REVIEW

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report and recommendation that no party has objected to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, Federal Rule of Civil Procedure 72(b)(3) provides that the Court "must determine de novo

any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

Here, because plaintiffs have filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie v. Birkett,* 221 F. Supp. 2d. 806, 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

Federal Rule of Civil Procedure 72(b) requires that a party objecting to a report and recommendation "serve and file *specific* written objections" to the report and recommendation. Fed. R. Civ. P. 72(b) (emphasis added). When a party files a general objection to the entirety of the report and recommendation, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec. of Health & Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991). Because such a result would be inconsistent with the purpose of the Federal Magistrates Act, "a general objection to a magistrate's report, which fails to specify the

issues of contention, does not satisfy the requirement that an objection be filed," *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995), and the Court treats a general objection as if the party had failed to file any objection. *Howard*, 932 F.2d at 509.

Plaintiffs have requested oral hearing on their objections. However, hearing is not required on objections to reports and recommendations under Local Rule 72.1(d), even on dispositive motions. Given the exhaustive briefing that has already been given to this matter, the Court determines that oral hearing would not be helpful. Therefore, the Court orders the submission and determination of this matter on the briefs without oral hearing.

The Court has conducted a *de novo* review of the record. For the reasons stated below, the Court overrules the defendants' objections and adopts the magistrate judge's Report and Recommendation in a manner consistent with this Order.

## FACTS

No specific objections have been made to the magistrate judge's recitation of the facts in the Background section of the Report and Recommendation. The Court has reviewed the record *de novo* and hereby adopts the facts as recited in part I of the Report and Recommendation.

## ANALYSIS

I.  Defendants' Motion For Summary Judgment

    A.  Count I of the Complaint: Breach of the Duty of Fair Representation

The Report and Recommendation recommended granting defendants' motion for summary judgment as to Count I of the complaint for two reasons. First, the magistrate judge recommended granting defendants' motion to dismiss plaintiffs' breach of the duty of fair representation claims because he found that all of plaintiffs' claims of breach of the duty of fair representation as to the negotiations of the Accretion Agreement and the

Bankruptcy Agreement were time barred by the 6-month statute of limitations applicable to such claims. In the alternative, the magistrate judge recommended granting defendants' motion to dismiss as to plaintiffs' breach of the duty of fair representation in both counts of the complaint because, even assuming the claims were timely, they are without merit. Finally, the magistrate judge recommended granting summary judgment as to nineteen plaintiffs who failed to respond to requests for admission.

1. Are Plaintiffs' Claims in Count I Time Barred?

Because the Court finds that the magistrate judge properly concluded that summary judgment is appropriate on both counts of the complaint as to the merits, and this conclusion disposes of the entire case, the Court will not reach the question of whether plaintiffs' claims in Count I should have been dismissed as untimely.

2. Should Summary Judgment Be Granted on the Merits of Plaintiffs' Count I Claims of Breach of the Duty of Fair Representation?

The magistrate judge recommended that this Court grant defendants' motion for summary judgment on plaintiffs' claim of breach of the duty of fair representation in Count I of the complaint because the plaintiffs had failed to show that there exists a genuine issue of material fact that defendants breached their duty of fair representation as to the negotiation of either the Accretion Agreement or the Bankruptcy Agreement. The plaintiffs have objected to this aspect of the Report and Recommendation on the following grounds.

First, they argue that the magistrate judge erred in analyzing the plaintiffs' duty of fair representation claims in Count I of the complaint by conflating the "arbitrariness" standard of *Vaca v. Sipes*, 386 U.S. 171 (1967) and *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65 (1991) with the plaintiffs' claims that the defendants' actions were unlawfully discriminatory. Plaintiffs argue that the highly deferential analysis that courts employ when determining whether a union's action was arbitrary is not appropriate in cases where the plaintiffs allege

6

that a union breached its duty of fair representation by discriminating against the plaintiffs. They argue that the evidence strongly establishes that the QSAs had been invidiously discriminated against because of their vocal opposition to the union's actions. They also argue that the magistrate judge failed to address whether the substantial evidence of discrimination established a question of fact on the duty of fair representation. They argue that the evidence establishes that if the defendants had represented the QSAs fairly, "Plaintiffs finally would have achieved a level of economic parity wrongfully denied them for years under temporary and interim measures agreed upon by the union to which they pay dues." Objections at 43. Finally, plaintiffs argue that because the QSAs were the only unit of employees in the 14,000 member union whose seniority did not count toward their starting pay rates in the agreement, the magistrate judge erred by concluding that the defendants "essentially" treated the QSAs the same as all other IAM members in the Bankruptcy Agreement.

The Court has reviewed *de novo* this section of the Report and Recommendation, along with the record, the objections, and the arguments made in support and in opposition, and finds no error in the Report and Recommendation. Contrary to the plaintiffs' assertions, Magistrate Judge Komives' analysis correctly recognized that plaintiffs may establish a breach of a union's duty of fair representation by establishing that the union's action was either arbitrary, discriminatory or in bad faith, and he analyzed and rejected plaintiff's claims under each prong. The magistrate judge's analysis is fully consistent with the facts in the record and relevant precedent in this Circuit. *See Ackley v. Local Union, 337, Int'l Brotherhood of Teamsters*, 948 F.2d 267 (6th Cir. 1991) (vacating 910 F.2d 1295 (6th Cir. 1990) on rehearing in light of *O'Neill*). *Williams v. Molpus*, 171 F.3d 360 (6th Cir. 1999), cited by plaintiffs in their objections, was correctly analyzed by the magistrate judge

7

and found to be distinguishable. Therefore, based upon a *de novo* review, the Court adopts parts II.C.1 and 2 of the Report and Recommendation.

      3. Summary Judgment as to Plaintiffs That Did Not Answer Requests to Admit

The magistrate judge recommended in Part II.C.2.c of the Report and Recommendation that the Court enter summary judgment as to nineteen named plaintiffs that did not respond to Requests to Admit. No objection has been raised as to this portion of the Report and Recommendation, and it is therefore adopted by the Court.

   B. Count II: Breach of the Duty of Fair Representation, Dues Objectors

      1. Mootness

The magistrate judge recommended that this Court find that plaintiffs' claims in Count II are not moot. Neither party has objected to this portion of the Report and Recommendation, and it is therefore adopted by the Court.

      2. Merits

The magistrate judge recommended that this Court grant summary judgment as to Count II of the complaint because the plaintiffs failed to produce any evidence either that they made a proper request for objector status in accordance with the union's established policies or legal support for the proposition that those policies unconstitutionally burdened the objector's First Amendment rights.

Plaintiffs argue that the magistrate judge erred in recommending summary judgment as to plaintiffs' claims in Count II for breach of the duty of fair representation as to the union's denying them dues objector status. They argue that the union's objector requirements directly conflict with associational protections guaranteed by the First Amendment by requiring union members to jump through unlawful procedural hoops to

8

ensure that fees collected by the union are not used for purposes not germane to collective bargaining and by refusing requests by nonmembers to register continuing objections.

The Court has reviewed this issue *de novo* and finds that the magistrate judge's Report and Recommendation is fully supported both factually and legally. The Report and Recommendation correctly found that cases that have followed the Supreme Court in *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986) have held that procedures employed by a union must be "narrowly drawn" to ensure that a member's First Amendment rights not to have his dues used to fund objectionable political activity is protected, but need not use the least restrictive means possible. The Report and Recommendation correctly found that the plaintiffs had failed to comply with the union's procedural requirement that a request for dues objector status must be made in the form of a letter signed by the objector and which must include the objector's home address and lodge number, if known. The Report and Recommendation also noted that the plaintiffs do not claim that they had no notice of this requirement, and that the only evidence offered by the plaintiffs that they requested dues objector status are three letters that admittedly do not comply with IAM's procedures. Finally, the Report and Recommendation correctly found that the IAM's requirement of a home address is neither arbitrary or unlawful, but is rather a reasonable administrative procedure narrowly drawn to ensure that the member's First Amendment rights are not implicated. The Court finds no error in this section of the Report and Recommendation, and it is hereby adopted.

II.  Defendants' Motion for Rule 11 Sanctions

Defendants have also moved for sanctions in the form of costs and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure with respect to: (1) claims relating to several plaintiffs who have never been employed by NWA as QSAs; (2) claims

relating to plaintiffs who were not QSAs during the time periods relevant to the complaint; (3) dues objector claims relating to plaintiffs who never made a request for dues objector status or who were not paying dues at the time their requests were made; and (4) plaintiffs' untimely claims based on the Accretion Agreement. The magistrate judge recommended that the Court grant in part and deny in part defendants' motion. Specifically, the magistrate judge recommended that the Court not award sanctions as to plaintiffs' duty of fair representation claims based on the Accretion Agreement because those claims were not so objectively unreasonable as to be frivolous under Rule 11(b)(2). No party has objected to this portion of the Report and Recommendation, and it is hereby adopted by the Court.

The magistrate judge, however, found that plaintiffs' counsel had violated Rule 11 by pursuing claims by several plaintiffs who had never been employed by Northwest Airlines as QSAs and plaintiffs who were not QSAs during the time periods relevant to the complaints, and for pursuing dues objector claims relating to plaintiffs who never made a request for dues objector status or who were not paying dues at the time their requests were made. The magistrate judge found that the complaint alleged that defendants had violated the duty of fair representation with respect to all plaintiffs in connection with both the Accretion Agreement and the Bankruptcy Agreement and failed to provide dues objector status to all plaintiffs, that plaintiffs' discovery responses established that such allegations are demonstrably false with respect to a number of plaintiffs, and that such facts would have been revealed to counsel had counsel taken the minimal step of interviewing each of the plaintiffs they purported to represent. Rather, the magistrate judge found that counsel had simply taken names from a list given to them by a "Litigation Steering Committee" of the plaintiffs, which kept records of individuals who had given them money to join the action, and then listed those names as plaintiffs in the complaint. The magistrate

10

judge concluded that, by doing so, plaintiffs' counsel had failed to make a reasonable inquiry concerning the allegations in the complaint and had therefore violated Rule 11. The magistrate judge recommended that the Court award the defendants their reasonable attorney's fees incurred in establishing the propriety of the individual plaintiffs' claims as an appropriate sanction for the plaintiffs' violation of Rule 11.

Plaintiffs have objected to this aspect of the magistrate judge's Report and Recommendation on several grounds. First, they argue that plaintiffs' counsel relied on the Litigation Steering Committee and the non-attorneys in their offices. Second, they argue that the magistrate judge ignored in his recommendation plaintiffs' counsel's willingness to dismiss any improperly named plaintiffs. Plaintiffs argue that they have not seen any case where a court has sanctioned an attorney for naming a wrong party where the attorney after discovery and notice of the error was willing to correct the error. Plaintiffs argue that the purposes of Rule 11 is to deter the repetition of certain types of egregious conduct. Finally, plaintiffs argue in their reply that the violation in this case was "technical in nature" and that the appropriate remedy would be for the Court to permit the plaintiffs to amend their complaint to segregate out the correct plaintiffs for the correct claims.

The Court has considered the record and the arguments *de novo* and concludes that the magistrate judge was correct that plaintiffs violated Rule 11 by the general allegations and in his recommended sanction. Rule 11 requires a reasonable investigation by attorneys filing any paper. Here, it is apparent that plaintiffs' counsel did not perform a reasonable investigation and defendants as a result had to incur expenditure of time and money in identifying those nominal plaintiffs that did not in fact have claims. The fact that counsel might have been willing to amend its complaint if required to does not change the fact that counsel filed the complaint without adequate investigation. Those unfounded

11

plaintiffs and claims were still pending when the Report and Recommendation was filed almost two years later. Plaintiffs' gloss on Rule 11, that it was only intended to address repetition of egregious conduct, is not supported by either the text of the Rule nor the cases cited. Rather, the cases cited by plaintiffs in their objections at most support the assertion that a plaintiff should be permitted to amend where the original complaint names the wrong defendant. None of them deal with the instant case, where counsel asserts baseless claims on behalf of plaintiffs that were never even interviewed. Therefore, upon *de novo* review, the Court adopts this portion of the Report and Recommendation in its entirety.

Finally, the magistrate judge recommended the following procedure with regard to determining defendants' reasonable attorney's fees in uncovering those plaintiffs and claims that were meritless:

> Thus, if the Court agrees with my conclusion above regarding the propriety of Rule 11 sanctions, the Court should require defendants to provide a detailed schedule of the costs and fees incurred as a result of the Rule 11 violation. This schedule should be in the form of an affidavit of counsel with appropriate supporting documentation, and should include the nature of the task, the hours spent on the task, and that hourly rate at which the task was billed. The schedule should be sufficiently detailed to permit the court to examine the extent to which the task was necessitated by the Rule 11 violation, as well as the reasonableness of both the hours claimed and the rate billed. *Cf. Bodenhamer Bldg. Corp.*, 989 F.2d at 221. To the extent possible, defendants must segregate those costs incurred by reason of sanctionable conduct from those costs incurred by reason of non-sanctionable conduct. The Court should then give plaintiffs an opportunity to object to any costs or fees claimed which plaintiffs believe are unreasonable or not related to the Rule 11 violation, after which the Court may–either on its own or through referral of the matter back to me–determine the appropriate sanction.

Report and Recommendation at 45.

Neither party has objected to this portion of the Report and Recommendation, and it appears eminently reasonable to the Court. The Court therefore adopts Part II.D.3 of the Report and Recommendation.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS IN PART** the Report and Recommendation dated September 22, 2008 in a manner consistent with this opinion. Plaintiffs' objections are hereby **OVERRULED**. Defendants' motion for summary judgment is hereby **GRANTED** and plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**. A separate judgment will issue. Defendants' motion for sanctions is hereby **GRANTED IN PART AND DENIED IN PART**. Defendants' motion for sanctions is granted as to (1) claims relating to several plaintiffs who have never been employed by NWA as QSAs; (2) claims relating to plaintiffs who were not QSAs during the time periods relevant to the complaint; and (3) dues objector claims relating to plaintiffs who never made a request for dues objector status or who were not paying dues at the time their requests were made. Sanctions will be defendants' costs incurred as a result of plaintiffs' Rule 11 violation.

Within 21 days of the date of this Order, defendants shall file and serve a detailed schedule of the costs and fees incurred as a result of the Rule 11 violation, in the form of an affidavit of counsel with appropriate supporting documentation, in substantially the form outlined in Part III.D.3 of the Report and Recommendation. Plaintiffs will have 21 days from the date of the filing and service of defendants' schedule to file and serve an objection to any costs or fees claimed which plaintiffs believe are unreasonable or not related to the Rule 11 violation. Following filing and service of plaintiffs' objections, if any, the Court will schedule a hearing to determine the appropriate sanction.

**SO ORDERED**

                                           s/Stephen J. Murphy, III
                                           STEPHEN J. MURPHY, III
                                           United States District Judge

Dated: March 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2009, by electronic and/or ordinary mail.

                                         <u>Alissa Greer</u>
                                         Case Manager